IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LARRY CARTER,<br><br>    Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>    Respondent. | § § § § § § § § § § § § § Case No. 6:21-cv-234-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Carter, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred to United States Magistrate Judge John D. Love, for findings of fact, conclusions of law, and recommendations for disposition.

On June 28, 2021, Judge Love issued a Report and Recommendation recommending that the Court dismiss this petition because Petitioner did not show that the imposed punishments implicated any constitutionally protected liberty interests subject to a federal habeas corpus proceeding.  Docket No. 5.  The Report recognized that the freeze on Petitioner's inmate trust account could implicate a liberty interest; however, a claim regarding the trust account would not sound in habeas corpus because it does not implicate the fact or length of Petitioner's confinement.  Rather such a claim must be brought under 42 U.S.C. § 1983.  Judge Love recommended that this claim be dismissed without prejudice to Petitioner's

1

right to assert it in a separate civil rights lawsuit. Petitioner timely objected. Docket No. 7.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner argues that he is entitled to the due process protections of *Wolff v. McDonnell*, 418 U.S. 539 (1973), and that while he may not have a liberty interest in parole, he does have a liberty interest in parole eligibility. Docket No. 7. Plaintiff asserts that he lost his eligibility for parole upon the reduction in his classification status.

Petitioner's objections are without merit. The due-process protections of *Wolff v. McDonnell* only apply when the imposed punishments implicate constitutionally protected liberty interests. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Petitioner's contention that he has a liberty interest in parole eligibility is incorrect. *Parks v. Perry*, 273 F.App'x 366 (5th Cir. 2008); *Maldonado v. Collier*, 266 F.App'x 375 (5th Cir. 2008) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997)).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 7) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice except as to Petitioner's claim concerning the freezing of his inmate trust account, which is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to assert this claim in a separate civil rights lawsuit.  Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **9th**  day of **August, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3